[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-17065
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 20, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 95-08089-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE LOUIS PARSON,
a.k.a. Louis Parson,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 20, 2009)

Before TJOFLAT, EDMONDSON and BIRCH, Circuit Judges.

PER CURIAM:

Willie Parson, a federal prisoner convicted of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846, appeals the district court's denial of his pro se 18 U.S.C. § 3582(c)(2) motion for reduction of sentence based on Amendment 706 to U.S.S.G. § 2D1.1, which lowered the base offense levels applicable to crack cocaine offenses. On appeal, Parson argues, through counsel, that our holding in United States v. Jones, 548 F.3d 1366, 1369 (11th Cir. 2008) (per curiam), which affirmed the denial of a § 3582(c)(2) motion based on a crack cocaine amount unaffected by Amendment 706, is inapplicable even though Parson was held accountable for more than 4.5 kilograms of crack cocaine. He asserts that (1) the statutory maximum sentence for his crime of conviction is thirty years of imprisonment because the indictment only charged him with a detectable amount of cocaine and crack cocaine, (2) the district court was required to recalculate a new sentence, and (3) the life sentence imposed exceeded the court's statutory authority.

We "review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008) (per curiam). A district court may modify a term of imprisonment in the case of a defendant who was sentenced based on a sentencing range that subsequently has been lowered by the Sentencing Commission. See 18

U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. (quotation marks and citations omitted). A reduction of a term of imprisonment is not consistent with applicable policy statements issued by the Sentencing Commission—and is not authorized under § 3582(c)(2)—if the retroactive amendment does not have the effect of lowering the defendant's applicable guideline range. Jones, 548 F.3d at 1368.

Here, the district court properly denied § 3582(c)(2) relief because Parson's guideline range was not lowered as a result of Amendment 706. Parson was held accountable for more than 200 kilograms of crack cocaine, and Amendment 706 only lowered the base offense levels for quantities of crack cocaine less than 4.5 kilograms. See Jones, 548 F.3d at 1369 (holding that the defendant was not entitled to a reduction in sentence because he had been held accountable for more than 4.5 kilograms of crack cocaine, and Amendment 706 did not lower his guideline range).

Parson's argument concerning the applicable statutory maximum appears to be based on Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), in which the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory

maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490, 120 S. Ct. at 2362-63. However, Apprendi is not a retroactively applicable guideline amendment, and, therefore, cannot be a basis for § 3582(c)(2) relief. See United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005) (per curiam) (observing that Booker did not provide a basis for § 3582(c)(2) relief because it was "a Supreme Court decision, not a retroactively applicable guideline amendment").

Because Parson is not eligible for § 3582(c)(2) relief and Apprendi is not applicable, Parson's argument that the court must recalculate his guidelines range is also meritless. See United States v. Webb, 565 F.3d 789, 793 (11th Cir. 2009) (per curiam) (noting that where Amendment 706 did not change the guideline range, the district court correctly found that it need not examine the 18 U.S.C. § 3553(a) factors). Consequently, the district court properly denied Parson's § 3582(c)(2) motion, and we affirm.

**AFFIRMED.**